UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRANDYN E. MITCHELL,

     Plaintiff,

v.                                                                Case No.:  2:26-cv-596-SPC-NPM

DR. GILBERT NOE,

     Defendant.

                                 /

## OPINION AND ORDER

Before the Court is Plaintiff Brandyn E. Mitchell's Complaint (Doc. 1), which he filed as a state prisoner in Charlotte County Correctional Institution. Also, Mitchell filed an inmate account statement (Doc. 7), which the Court construes as a motion for leave to proceed *in forma pauperis*. Because Mitchell moves for leave to proceed *in forma pauperis*, the Court reviews the complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).  And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action.  *Twombly*, 550 U.S. at 555.

Mitchell accuses Dr. Noe, who works at the state prison, of violating his federal rights by failing to provide him sufficient medical care, but he falls short of stating a plausible claim.  He alleges that, on October 10, 2025, Dr. Noe refused to send him to an eye specialist at a facility outside of the prison for laser eye surgery.  (Doc. 1 at 5, 8)  He contends that the doctor's refusal to authorize laser eye surgery caused him to lose his eyesight in both eyes.  (Doc. 1 at 5, 8)  He asserts that Dr. Noe violated his Eighth Amendment right against cruel and unusual punishment and his rights under the Health Insurance Portability and Accountability Act.  (Doc. 1 at 8)

Mitchell does not allege any facts to support a claim based on HIPAA. Also, because HIPAA neither expressly nor impliedly creates a private cause

of action, Mitchell's claim based on HIPAA is meritless. *Laster v. CareConnect Health Inc.*, 852 F. App'x 476, 478 (11th Cir. 2021).[1]

"Prison officials violate the prohibition on cruel and unusual punishments when they act with 'deliberate indifference to serious medical needs of prisoners.'" *Bayse v. Ward*, 147 F.4th 1304, 1311 (11th Cir. 2025) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Because the complaint fails to identify the serious medical need that Mitchell suffered and fails to allege facts that demonstrate that Dr. Noe was subjectively aware that his omission caused a substantial risk of harm, Mitchell fails to state a deliberate indifference claim. *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024); *Johnson v. Lewis*, 83 F.4th 1319, 1327 (11th Cir. 2023).

Because a more carefully drafted complaint could not state a claim under HIPAA, the Court will not grant Mitchell an opportunity to amend the claim. *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). To proceed with this case, Mitchell must file an amended complaint that alleges facts to establish a deliberate indifference claim.

Accordingly, it is now

**ORDERED:**

---

[1] 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

1. Plaintiff Brandyn E. Mitchell's Complaint (Doc. 1) is **DISMISSED**. The claim under HIPAA is **DISMISSED with prejudice**. The deliberate indifference claim is **DISMISSED without prejudice and with leave to amend**.

2. Because Mitchell's construed motion (Doc. 7) for leave to proceed *in forma pauperis* does not contain sufficient information, the motion is **DISMISSED without prejudice**.

3. The Clerk is **DIRECTED** to send Mitchell forms for a civil-rights complaint and a motion for leave to proceed *in forma pauperis*.

4. Mitchell may file an amended complaint and an amended motion for leave to proceed *in forma pauperis* by **May 27, 2026**. **Otherwise, the Court will close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on May 6, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4